# SMITH v. MILLER.

[No. 7,846. Filed March 27, 1913. Rehearing denied June 26, 1913.]

1. VENDOR AND PURCHASER.—*Option.*—*Breach.*—*Survey of Land.*—Where an option for the purchase of a lot provided that within ten days the maker was to have the lot surveyed so as to fix definitely the purchase price, which was to be at a certain sum per acre as shown by such survey, the maker's failure, after acceptance of the option by the purchaser, to take the steps required to enable the purchaser to make payment as provided in the contract, constituted an actionable breach of same, since the purchaser without the survey could not know the amount required to purchase the lot and could neither pay nor tender the same. p. 39.

2. VENDOR AND PURCHASER.—*Option.*—*Breach.*—*Sufficiency of Survey.*—Under an option for the purchase of a lot providing that the maker thereof should make a survey of the lot within ten days for the purpose of ascertaining the purchase price, which was to be at a certain sum per acre, the running of certain lines and the making of certain measurements, from which the num-

ber of acres and the purchase price could be determined, was all
the survey that the contract contemplated.    p. 40.

3.   VENDOR AND PURCHASER.—*Breach of Option.—Waiver.*—Where
an option for the purchase of a lot provided that the maker
should cause a survey to be made for the purpose of ascertaining
the amount of the purchase price, which was to be at a certain
sum per acre, and the purchaser thereafter agrees to the amount
necessary to be paid, he cannot complain that he was prevented
from making payment or tender because no complete survey had
been made.    p. 41.

4.   VENDOR AND PURCHASER.—*Breach of Option.—Conditions Prece-
dent.—Tender of Purchase Money.*—Under an option for the pur-
chase of a lot, providing that if the purchaser shall within ten
days elect to purchase such lot, and notify the maker of the option
of such election, and pay the purchase price, then the maker
shall execute a good and sufficient warranty deed, a payment or
tender of the purchase price is a condition precedent to the pur-
chaser's right to maintain an action for damages for failure to
convey, in the absence of a showing that he was prevented from
making payment or tender by the act or omission of the other
party.    p. 41.

From Superior Court of Marion County (79,648) ; *Pliny
W. Bartholomew,* Judge.

Action by Joseph Miller against Theresa H. Smith.   From
a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Hawkins & Hawkins* and *Denny, Bowen & Denny,* for
appellant.

*Holtzman & Coleman,* for appellee.

ADAMS, J.—Appellee recovered judgment in the sum of
$1,000 against appellant, for the alleged breach of a certain
option contract for the conveyance of real estate.   The con-
tract was in writing, and is as follows:

"Indianapolis, Indiana.   September 28th, 1909.

Know All Men by These Presents, That I, Theresa
H. Smith, of Indianapolis, Marion County, Indiana,
for and in consideration of the sum of one dollar
($1.00), hereby give and grant unto Joseph Miller,
the right and option to purchase of me the following
described real estate in the city of Indianapolis, Marion
County, Indiana, to wit: Lot number twelve (12) in
Ruddell & Vinton's Suburban addition to the city of

Indianapolis; said option to extend for a period of ten (10) days from and after the date of this instrument; said sale to be upon the following terms: 1. That Theresa H. Smith shall cause said real estate to be surveyed by a competent surveyor and the number of square feet therein determined by said survey, and the price to be paid for said realty shall be at the rate of One Thousand, Five Hundred Dollars ($1,500) per acre for the number of acres or fractions thereof shown by said survey; 2. The said purchase price to be paid to said Theresa H. Smith shall be net to her, without any reductions on account of commissions in connection with the sale, or on account of any taxes or assessments that are now a lien upon the said realty, and said purchase price shall be paid in cash; 3. If the said Joseph Miller shall, within the said ten (10) days elect to purchase said real estate and notify said Theresa H. Smith of such election, and pay the said purchase price, then said Theresa H. Smith agrees to make, execute and deliver to him a good and sufficient warranty deed conveying said realty to him, subject, however, to taxes and assessment liens, and to furnish him an abstract of title for the same; 4. If said Joseph Miller shall fail to elect to purchase said realty within the time provided herein, and pay the purchase price therefor as herein provided, then, and in that event, the option herein contained shall expire and this agreement shall be at an end. In Witness Whereof, the said Theresa H. Smith has hereunto signed her name, this 28th day of September, 1909. (Signed) Theresa H. Smith. The above is hereby accepted this 30th day of September, 1909. (Signed) Joseph H. Miller.''

The first error assigned by appellant challenges the sufficiency of the complaint. The option contract constituting the foundation of the action was set out in each paragraph of the complaint, together with the allegation 1. that defendant, after the acceptance of the option on September 30, 1909, failed and refused to have said real estate surveyed by a competent surveyor, as provided in said option, although frequently requested so to do by the plaintiff. By the initial stipulation in the contract, it will be observed that within the ten days given, appellant was to have the lot surveyed, in order to determine the number

of square feet therein, and thus definitely fix the purchase price, which was to be $1,500 per acre, for the number of acres or fractional parts thereof, as shown by such survey. The payment of the consideration and the closing of the contract would necessarily wait on the ascertainment of the acreage, for without the survey, appellee could not know the amount of money required to purchase the land, and could neither pay nor tender the same. Failure on the part of appellant, after acceptance of the option by appellee, to take the steps required to enable appellee to make payment as provided in the contract, would constitute an actionable breach of the same. There was no error in overruling appellant's demurrer to the complaint.

The second error relied on by appellant for reversal is that the court erred in overruling her motion for judgment on the answers to interrogatories, notwithstanding the 2. general verdict. The special answers of the jury, in so far as the same relate to the survey, are substantially as follows: The appellant failed to make or cause to be made a survey of the lot described in the option. The north line of the lot was surveyed, and the plat and deed relied on for the other measurements. During the period covered by the option, appellee, with Scott V. Smith, Henry C. Brubaker and George M. McDougal, went to the lot described in the option, for the purpose of making a survey of the same. Brubaker and McDougal made measurements for the purpose of ascertaining the acreage of that portion of College Avenue which runs through said lot. The appellee and said surveyors agreed on the middle of the space between the two car tracks in College Avenue as the middle of said avenue. Brubaker and McDougal took measurements of the angles of College Avenue and the adjoining lots from such point. The acreage of the portion of College Avenue running through said lot was found by measurements to be .51 of an acre. The acreage of the entire lot was found to be 3.41 acres. After appellee was advised that

the net acreage of said lot was 2.9 acres, he made no statement or remark about said survey being insufficient. Within ten days after September 28, 1909, it was agreed between appellee and Scott V. Smith, son of appellant, that the amount of money necessary to purchase said lot, under the option, was $4,350. Such agreement was made on the sixth or seventh of October, 1909. While the jury found that no survey had been made of the lot in question, it was definitely found that the surveyors, in the presence of appellee, surveyed certain lines, and made certain measurements, from which they ascertained that the lot outside of the part included in College Avenue, embraced 2.9 acres. The jury also found that subsequently, and during the life of the option, appellee agreed with the son of appellant that $4,350 was the amount of money necessary to purchase the lot. Assuming, as we must, for the purpose of this motion, that there was no survey of the lot, yet it appears from all the answers, that the surveyors ran such lines and took such measurements as to enable them to accurately determine the acreage, which was clearly all the survey the contract called for or contemplated. Moreover, appellee, having agreed to the amount necessary to be paid, he cannot now be

3. heard to complain that he was prevented from making payment or tender, because no complete survey had been made.

It is provided by the third specification of the option that if appellee shall within ten days elect to purchase said real estate, and notify appellant of such election, and pay

4. the purchase price, *then* appellant agrees to execute a good and sufficient warranty deed for said lot, subject to taxes and liens, and furnish him an abstract of title for the same. Appellee endorsed his acceptance on the written option within time, and, presumably, notified appellant of his election to purchase, but did not, as found, pay or tender to appellant the purchase price. The jury specially found that appellee did not have the necessary money under

his control, and that it was his intention to procure the amount required to purchase the lot through a sale of the same to some other person. The jury further found that the only means appellee had of securing the money necessary to pay the purchase price was by a loan on said lot or by a subsequent sale of the same to another party. Assuming, therefore, that appellee accepted the option and notified appellant of his election to purchase, it is found that he did not pay or tender the purchase price, a condition which the option, by its clear and unambiguous terms, imposed on him. It is elemental that a party who seeks to recover damages from another for failure to convey real estate, pursuant to an option given and accepted, must aver and prove that he has fully discharged all the obligations imposed on him by the terms of the option, or show that he was prevented from so doing by the act or omission of the other party. The jury in this case having found, by answers to interrogatories, that the survey of the lot was sufficient for the purpose intended, and appellee having agreed on the amount necessary to purchase the lot, no further obligation rested on appellant until appellee had paid or tendered the purchase price. This the jury found he did not do, and was unable to do. The appellee was, therefore, not in a position to complain, and it follows that the court erred in overruling appellant's motion for judgment on the answers to interrogatories.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, and render judgment on said answers in favor of appellant.

Note.—Reported in 101 N. E. 316. See, also, under (1) 39 Cyc. 1331; (3) 39 Cyc. 1524; (4) 39 Cyc. 2087. As to obligations of parties to each other under option contracts for purchase of land, see 118 Am. St. 592.